UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| MARTHA L. JACOBS, | ) | Civil Action No.: 4:06-0599-TLW-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | **REPORT AND** |
| | ) | **RECOMMENDATION** |
| INTERNAL REVENUE SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court[1] on defendant's motion to dismiss (Document # 12) filed July 25, 2006, to which plaintiff responded on August 28, 2006.

Because the plaintiff is proceeding *pro se*, she was advised on or about July 26, 2006, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to adequately respond to the defendants' motion could result in dismissal of her case.

A *pro se* litigant's pleadings are accorded a liberal construction. Hughes v. Rowe, 449 U.S. 5, 66 L.Ed. 163, 101 S.Ct. 173 (1980); Haines v. Kerner, 404 U.S. 519, 30 L.Ed.2d 652, 97 S.Ct. 594 (1972); Loe v. Armistead, 582 F.2d 1291 (4th Cir. 1978); Gordon v. Leeke, 574 F.2d 1147 (4th Cir. 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. Hughes v. Rowe, 449 U.S. 5, 66 L.Ed.2d 163, 101 S.Ct. 173 (1980)(per curiam). The mandated liberal construction means only that if the court can reasonably read the pleadings to state a claim on which

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the district judge.

-1-

plaintiff could prevail, it should do so. Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999). A court may not rewrite pleadings to include claims that were never presented.; Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999), construct the plaintiff's legal arguments for her, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), cert. denied, 475 U.S. 1088 (1986).

### *Discussion*

In her Complaint, she sets forth the following statement of her claim:

> By the IRS
> I've been harassed and penalized and charged interested, etc. Continuous notices for nontaxable income.
> I received compensatory damages for a physical illness suffered in 1993 while employed by the USPS. Two payments were made one in 1999 & the other in 2001.

Complaint (Document # 1). In the section of the Complaint entitled "Relief," Plaintiff states,

> To be made whole by the I.R.S. To settle the mater that the harassment stop the hardship this has caused my family by putting a lein [sic], levy against my home & garnishing my retirement disability check taking out ¼ & received a letter on 02/27/06 over ½ of the net income will be taken from my retirement disability check.
> Permanent total disabled.

Id.

In its motion, Defendant asserts that plaintiff's complaint should be dismissed for lack of jurisdiction, as violative of Rule 8, Fed.R.Civ.P., and because the named defendant is not a proper party.

**Lack of Jurisdiction**

The burden of establishing federal jurisdiction is with the plaintiff. Suit for damages against the United States cannot be maintained unless it has waived its sovereign immunity. *See* United

States v. Sherwood, 312 U.S. 584, 586 (1941); F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994).  When the United States waives sovereign immunity and consents to suit, the terms of the waiver precisely define the extent of the waiver and the court's jurisdiction.  United States v. Mottaz, 476 U.S. 834, 841 (1986); United States v. Testan, 424 U.S. 392, 399 (1976).

28 U.S.C. §1346(a)(1) generally provides jurisdiction for suits against the United States for claims involving the assessment of taxes.  However, other statutes limit jurisdiction until certain prerequisites are met.[2]

26 U.S.C. §7422(a) provides

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously of illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

§7422(b) provides

> Such suit or proceeding may be maintained whether or not such tax, penalty, or sum has been paid under protest or duress.

Accordingly, prerequisites to suit include filing a proper claim with the Secretary, Beckwith Realty v. United States, 896 F.2d 860, 862 (4th Cir. 1990), and payment of the disputed taxes, Flora v. United States, 362 U.S. 145, 177 (1960)(requires full payment); Grant v. United States, 289 F.Supp.2d 1361,1368 (S.D. Fla. 2003).

It does not appear that plaintiff has complied with the "filing of claim" requirement.  *See* 26 C.F.R. §301.6402-2(b)(1) and §301.6402-3.  Her complaint does indicate that she has not paid the

---

[2] These prerequisites are not necessary to seek review in the United States Tax Court. *See* 26 U.S.C. §6330(e)(1); 26 U.S.C. §7421(a); 26 U.S.C. §6015(e).

disputed amount of taxes and penalties in full. Plaintiff bears the burden of establishing jurisdiction. She has failed to do so and, thus, her claims under §7422 should be dismissed.

Additionally, to the extent plaintiff seeks injunctive relief, such a claim is unavailable to plaintiff. 26 U.S.C. §7421(a)[3] provides

> No suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

As stated by the Fourth Circuit, it is "simple and obvious: courts lack jurisdiction to issue injunctive relief in suits seeking to restrain the assessment or collection of taxes." Judicial Watch, Inc. v. Rossotti, 317 F.3d 401, 405 (4th Cir. 2003).[4]

To the extent plaintiff seeks jurisdiction under the Federal Tort Claims Act, 28 U.S.C. §2680(c) provides that the immunity of the United States is not waived in actions "arising in respect of the assessment or collection of any tax."

To the extent plaintiff asserts claims pursuant to 26 U.S.C. §7432 (failure to release lien) or 26 U.S.C. §7433 (unauthorized collection action), both statutes expressly require exhaustion of administrative remedies. See 26 U.S.C. §7432 (d)(1) and §7433 (d)(1). Failure to properly exhaust[5] warrants dismissal of the claim. Szego v. C.I.R., 911 F.2d 724, 1990 LW 116744 (4th Cir. 1990); See e.g., Koerner v. United States, 424 F.Supp.2d 213, 317 (D.D.C. 2006); Bennett v. United States, 361 F.Supp.2d 510, 514 (W.D. Va. 2005); Hunt v. United States, 178 F.Supp.2d 537, 538 (D. Md.

---

[3] This section is known as the "Anti-Injunction Act".

[4] Plaintiff fails to show any exception to the ant-injunction provision is applicable here.

[5] See 26 C.F.R. §301.7433-1(e).

2002); Simmons v. United States, 875 F.Supp. 318, 319 (W.D.N.C. 1994).[6]

***Violation of Rule 8 of the Federal Rules of Civil Procedure***

Defendant asserts that Plaintiff's complaint should be dismissed because she violates Rule 8, Fed.R.Civ.P. by failing to set forth (1) a "short and plain statement upon which the court's jurisdiction depends," (2) a short and plain statement of the claim," and (3) a "demand for judgment."

Fed. R.Civ.P. 8 governs the rules of pleading. Rule 8 reads in pertinent part:

> (a) A pleading . . . shall contain
>     (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . .
> . . .
>     (2) a short and plaint statement of the claim showing that the pleader is entitled to relief, and
>
>     (3) a demand for judgment . . .
> . . . .
> (e) Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required.
> . . . .
> (f) All pleadings shall be so construed as to do substantial justice.

Id.

The main purpose of the complaint is to provide the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957). "Even under the liberal standards of the Federal Rules of Civil Procedure, however, a plaintiff must at least set forth enough details so as to provide defendant and the court with a fair idea of the basis of the complaint and the legal grounds for recovery." Karpel v. Inova Health System Services, 134 F.3d 1222, 1227 (4th Cir. 1998)(internal quote omitted).

---

[6] Plaintiff also fails to show jurisdiction under 26 U.S.C. §6330(d)(1)(B).

Even under the less stringent standard we employ with *pro se* pleadings, plaintiff's complaint fails to comply with Rule 8 and should be dismissed pursuant to Rule 12(b), Fed.R.Civ.P., as well.

Because plaintiff's complaint is subject to dismissal for lack of jurisdiction and in violation of Rule 8, it is not necessary to decide whether the named defendant is a proper party.

For the foregoing reasons, defendant's motion should be granted and plaintiff's claims be dismissed for lack of jurisdiction.

February 14, 2007                                       s/Thomas E. Rogers, III
Florence, South Carolina                          Thomas E. Rogers, III
                                                                    United States Magistrate Judge

**The parties' attention is directed to the important notice contained on the following page(s).**