IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Martha L. Jacobs, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No.:4:06-599 |
| | ) | |
| IRS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

# ORDER

Plaintiff Martha L. Jacobs ("Jacobs") filed the instant *pro se* action on February 28, 2006. (Doc. #1). Defendant IRS ("IRS") filed the pending motion to dismiss on July 25, 2006. (Doc. #12). As Jacobs is proceeding *pro se*, an Order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued on July 26, 2006, advising the Plaintiff of the importance of the summary dismissal procedure and the possible consequences if she failed to adequately respond. (Doc. #13). Jacobs was specifically advised that she had 34 days to respond and that if she failed to respond adequately, the IRS' motion may be granted, thereby ending her case. Id. On August 28, 2006, Jacobs filed her response to the IRS' motion. (Doc. #14).

This matter now comes before this Court for review of the Report and Recommendation ("the Report") filed on February 14, 2007 by United States Magistrate Judge Thomas E. Rogers, III, to whom this case had previously been assigned. (Doc. #16). In the Report, Magistrate Judge Rogers recommends that the IRS' motion be granted and Jacobs' claims be dismissed for lack of jurisdiction. Id. Jacobs timely filed objections to the Report on March 1, 2007. (Doc. #18).

1

In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections...The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

<u>Wallace v. Housing Auth. of the City of Columbia</u>, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted). In light of this standard, the Court has reviewed the Report. After careful review of the Report, the objections thereto, and the memoranda filed in this case, the Court accepts the Report. (Doc. #16). Therefore, for the reasons articulated by the Magistrate Judge, it is **ORDERED** that Defendant IRS' motion to dismiss is **GRANTED**. (Doc. #12).

    **IT IS SO ORDERED**.

                                                                    S/ Terry L. Wooten

                                                                    Terry L. Wooten
                                                                    United States District Judge

March 21, 2007
Florence, South Carolina